Silas K. BROWN et al., Plaintiffs,

v.

Ronald E. STACKLER, Superintendent, Department of Registration and Education, et al., Defendants.

No. 75 C 1686.

United States District Court, N. D. Illinois, E. D.

Dec. 24, 1975.

---

Silverstein & Stein, Chicago, Ill., for plaintiffs.

Stuart D. Gordon, Asst. State's Atty., Cook County, William J. Scott, Atty. Gen., of Ill., Chicago, Ill., for defendants.

## ORDER

KIRKLAND, District Judge.

This matter comes before the Court on plaintiffs' request for the convening of a three-judge court pursuant to 28 U.S.C. § 2281 and defendants' motion to dismiss.

Plaintiffs seek the convening of a three-judge court and an order enjoining enforcement of Ill.Rev.Stat. Ch. 121½ §§ 341 and 343 and declaring those statutes unconstitutional. The Illinois statutes here challenged prohibit the publication and advertisement of the prices of prescription eyeglasses.

Defendants challenge plaintiffs' standing to bring this action and argue that no substantial constitutional claim exists which would justify convening a three-judge court.

■ This Court is of the opinion that the individual named plaintiffs have standing, as does plaintiff Community Thrift Club, Inc. Each of them have alleged injury to themselves and have alleged sufficient personal interest in the outcome of this litigation to provide the necessary concrete adverseness and to insure vigorous litigation of the issues. Section 341 is worded so as to prohibit direct or *indirect* advertisement by any person, firm or corporation. Assuming, *arguendo,* that this proscription is not directed at consumers, it nonetheless may interfere with plaintiffs' access to information and result in injury to them. See *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *Baker*

*v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *Virginia Citizens Consumer Council, Inc., v. State Board of Pharmacy*, 373 F.Supp. 683 (E.D.Va. 1974).

■ The Court holds that Rose of Sharon Community Baptist Church ("Church") lacks standing for failure to have more than a generalized grievance with respect to the statutes here challenged. Although the Church is not named as a plaintiff in the case caption, it is named as a plaintiff within the body of the complaint.

■■ The Court further holds that the constitutional issue raised is not insubstantial and is properly decided by a three-judge court. See *Goosby v. Osser*, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). Accordingly, plaintiffs' request for the convening of a three-judge court is granted and defendants' motion to dismiss will be considered by that panel.